# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **JAMES JACKSON,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **v.** | **)** | **CIV. ACT. NO. 1:23-cv-98-TFM-M** |
| | **)** | |
| **CONSTELLATION BRANDS, INC.,** *et al.,* | **)** | |
| | **)** | |
| **Defendants.** | **)** | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is *Plaintiff's Motion to Remand* (Doc. 8, filed 4/12/23). Plaintiff moves the Court to remand this matter back to state court claiming Defendants did not prove by a preponderance of evidence that the amount in controversy in this case exceeds $75,000.00, therefore removal is improper. Constellation filed a respective response and Plaintiff filed a reply. Docs. 10, 11. After careful consideration of the motion, response, reply, and relevant law, the Court **GRANTS** the motion to remand (Doc. 8).

## I.     <span style="font-variant:small-caps">Background</span>

This matter was originally filed in the Circuit Court for Conecuh County, Alabama on February 13, 2023. Doc. 1 Ex. A. In the Complaint, James Jackson ("Plaintiff") brings claims of negligence, wantonness, Alabama Extended Manufacturer's Liability Doctrine (AEMLD), and breach of implied warranty against Defendants Constellation Brands, Inc. ("Constellation"), Ehsom Products Corporation ("Ehsom"), Ziz Products USA ("Ziz"), and fictitious Defendants 1-6 ("Fictitious Defendants")[1] (collectively, "Defendants"). *Id.* Plaintiff requests for compensatory

---

[1] 28 U.S.C. § 1441(b)(1) states: "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."

damages, punitive damages and the cost of bringing the action, but states no specific amount in the complaint. *Id.*

On March 16, 2023, Constellation removed the case to this Court asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332 (a) and (c). Doc. 1 at 2. In its Notice of Removal, Constellation states that the action is removable because, "the amount in controversy in the present case exceeds the sum of $75,000.00, exclusive of interest, attorney's fees, and costs." *Id.* at 4. On April 12, 2023, Plaintiff filed the motion to remand. Doc. 8. Constellation filed its response on May 5, 2023. Doc. 10. In its response, Constellation argues that the action was removable on both the face of the complaint and, for the first time, because Plaintiff would not stipulate that the amount in controversy would not exceed $75,000.00 after the removal occurred. *Id.* In Plaintiff's response to Constellation's response, Plaintiff addresses both issues set forth by Constellation. Doc. 11. In response to Constellation's proposed post-removal stipulation Plaintiff notes that this court has held that refusal to stipulate damages does not establish jurisdiction. *Id.* Plaintiff also argues that the stipulation point is further moot because the stipulation was only requested after Constellation removed to Federal Court and therefore cannot be considered. *Id.*

The Court finds oral argument is unnecessary and the motion is fully briefed and ripe for review.

## II.    STANDARD OF REVIEW

Federal courts have a strict duty to exercise jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S. Ct. 1712, 1721, 135 L. Ed. 2d 1 (1996). However, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095

(11th Cir. 1994). The removing party has the burden of establishing federal jurisdiction. *See Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)). Further, the federal removal statutes must be construed narrowly and doubts about removal must be resolved in favor of remand. *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *Burns*, 31 F.3d at 1095 (citations omitted).

### III.    DISCUSSION AND ANALYSIS

Because this lawsuit began in state court, the Court's jurisdiction depends on the propriety of removal. Federal courts are directed to construe removal statute strictly and to resolve all doubts about jurisdiction in favor of remand to state court. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Diversity jurisdiction exists where there is diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332. In the case at hand, diversity of citizenship is not at issue. Therefore, the Court turns to the amount in controversy.

"The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008) (citing *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1332 (11th Cir. 1998)); *see also Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 n.6, 127 S. Ct. 1397, 1409 n.6, 167 L. Ed. 2d (2007) ("It is true that, when a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction."); *Poore v. Am.-Amicable Life Ins. Co. of Tex.*, 218 F.3d 1287, 1290-91 (11th Cir. 2000) ("[E]vents occurring after removal . . . do not oust the district court's jurisdiction."). A sister court within the Eleventh Circuit stated it well:

the general rule is that the amount in controversy is determined at the time of removal, and subsequent matters that affect the amount will not divest the court of jurisdiction. Similarly, subsequent matters which affect the amount in controversy will not retroactively establish jurisdiction. While attorney fees through the conclusion of litigation are included when the action is filed initially in federal court (citing Morrison), there is no reason to deviate from the general rule that in a removed case the amount in controversy is determined as of the time of removal and the court cannot rely on post-removal events in examining its subject matter jurisdiction.

*Waltemyer v. Northwestern Mutual Life Ins. Co.*, Civ. Act. No. 2:06-cv-597, 2007 U.S. Dist. LEXIS 7769, at *4, 2007 WL 419663, at * 2 (M.D. Fla. Feb. 2, 2007) (internal citations omitted); *see also Lott & Friedland, P.A., v. Creative Compounds, LLC*, Civ. Act. No. 10-20052, 2010 U.S. Dist. LEXIS 57888, at *12, 2010 WL 2044889, at * 4 (S.D. Fla. Apr. 21, 2010) ("The Court agrees with the general rule that post-removal events, such as the subsequent generation of attorney fees, cannot create jurisdiction that was lacking at the outset.").

A defendant has thirty (30) days after service of the initial pleading to remove a case. 28 U.S.C. § 1446(b)(1). However, in cases where the initial pleading is not removable, "a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

In Constellation's Notice of Removal it claims that from the complaint it is facially apparent that the amount in controversy of both compensatory and punitive damages exceed $75,000.00. Doc. 1 at 4-8. After receiving Plaintiff's Motion to Remand, Constellation responded that facially on the facts submitted in the complaint by the preponderance of the evidence the controversy exceeds $75,000.00 especially because it seeks punitive damages. *See* Doc. 10. But, Constellation also argues for the first time that Plaintiff's failure to stipulate that the amount in controversy is under $75,000 is evidence that the amount exceeds $75,000.00. Doc. 10 at 4.

The Court will address each argument in turn.

**A.      Constellation's removal of this action was not proper because by a preponderance of the evidence it is not clear that the amount in controversy exceeds $75,000.00.**

Federal courts are directed to construe removal statute strictly and to resolve all doubts about jurisdiction in favor of remand to state court. *See Univ. of S. Ala*, 168 F.3d at 411. Thus, if it is not clear that the case is removable then this court must remand.

Here, the complaint is silent as to a amount claimed for damages as Plaintiff did not specify damages in his initial complaint. Doc. 1-1 (Complaint). Plaintiff demanded a "reasonable amount of compensatory damages and punitive damages" at the conclusion of each count.  *Id.* at 5, 6.[2] Then at the end of the complaint, it seeks "such an amount of compensatory and punitive damages as a jury may award plus the cost of this action."  *Id*. at 7.

Therefore, the Court must look to whether it is apparent by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold of $75,000.00.  The Court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (citation omitted). Also, the Court may use its judicial experience and "need not suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount." *Id*. at 1062 (quotation marks and citations omitted).

Constellation argued in its response that the demand for punitive damages ensures the claim meets the jurisdictional requirement. Doc. 10 at 3. While that is the view expressed by the court in *Smith v. State Farm Ins.* 868 F. Supp. 2d 1333 (N.D. Ala. 2012), that perspective has not

---

[2] For the purposes of this opinion, the Court uses the page numbers established by the electronically filed PDF which may be different than the pages at the bottom of the document as there is a cover page marking the PDF as an exhibit.

been adopted by the 11th Circuit. As noted by another judge in this district, "Smith constitutes a distinctly minority view in this Circuit." *Dunlap v. Cockrell*, 336 F. Supp. 3d 1364, 1368 (S.D. Ala. 2018) (Steele, J.); *see also Bennett v. Williams*, Civ. Act. No. 7:17-cv-602, 2017 U.S. Dist. LEXIS 140651 * | 2017 WL 3781187 (N.D. Ala. Aug. 31, 2017) (noting *Smith* "is not binding or persuasive authority" and rejecting the viewpoint). Indeed, this burden-shifting argument ignores both Supreme Court and Eleventh Circuit precedent. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87-89, 135 S. Ct. 547, 553-54, 190 L. Ed. 2d 495 (2014); *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912-13 (11th Cir. 2014); *see also Pretka*, 608 F.3d at 754 (Defendant may prove amount in controversy by "mak[ing] specific factual allegations establishing jurisdiction and . . . support[ing] them . . . with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations.").

Looking at the complaint, the Court cannot find that, using reasonable deductions and inferences, this action was removable based on the face on the complaint. The lack of details about the extent of the plaintiff's alleged injuries makes it difficult to establish a value for damages and Constellation has provided no additional support for its conclusory claims about damages. Injuries from a wine bottle exploding could range from a small cut which may not even require stiches to a much more serious injury with significant medical costs. Further, a claim for punitive damages does not automatically create jurisdiction. "A defendant seeking to remove based of a claim for punitive damages must affirmatively establish jurisdiction by proving jurisdictional facts that make it possible that punitive damages are in play." *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 732 (11th Cir. 2014). Rather than proving or even discussing jurisdictional facts, Constellation simply points out that the complaint in this case includes a request for punitive damages.

As to removing on the face of the complaint, the Court finds that Defendant fails to

establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.

**B.      Plaintiff's failure to stipulate that damages do not exceed $75,000.00 and request for punitive damages are not enough evidence to establish the amount in controversy requirement.**

After receiving the motion to remand, Constellation sent an email to the Plaintiff's counsel requesting that Plaintiff "stipulate that Mr. Jackson's damages will not exceed $75,000, exclusive of interest, attorneys' fees, and costs." *See* Doc. 10-1 (Email); Doc. 10-2 (unsigned stipulation). Plaintiff did not respond. So, as a result, Constellation now asserts that Plaintiff's refusal to stipulate that his damages will not exceed $75,000.00 provides additional support that the claim is over the statutory limit. Doc. 10 at 4.

Defendant cites to *Sullins v. Moreland*, 511 F. Supp. 3d 1220, 1229 (M.D. Ala. 2021) in support of its argument. Doc. 10 at 4-5.   In *Sullins*, the plaintiff was in a collision with an 18-wheeler and filed suit against the driver, the driver's employer, and included the drivers auto-insurance in an amended complaint, adding an underinsured carrier claim. *Id* at 1225. Both parties agreed that complete diversity existed, but the plaintiff argued that the defendants did not establish that the amount in controversy exceeded the $75,000 amount in controversy requirement. *Id.* The plaintiff refused to stipulate that the damages were under $75,000 and the court found that the refusal to stipulate was persuasive, but not dispositive of the value of the claim. *Id.* at 1229. The court found that the amount in controversy by preponderance of the evidence based on the injuries described, the failure to stipulate, and the fact that the auto-insurer was added for an underinsured carrier claim. *Id.* at 1232.   Importantly, Defendant fails to note that even in *Sullins* is not wholly supportive of its argument.   Importantly, the *Sullins* court noted that "[t]he Eleventh Circuit has held that 'a refusal to stipulate standing alone does not satisfy [the defendant's] burden of proof

on the jurisdictional issue.'" *Id*. at 1229 (quoting *Williams*, 269 F.3d at 1320).  In fact, the *Sullins* court takes great pains to note that the failure to stipulate "is one among several reasons why the amount in controversy exists" and that failure to stipulate alone does not necessarily trigger federal jurisdiction. *Id*. at 1230.

Other district courts in this circuit have also specifically discussed whether the denial of a request for admission is sufficient to establish the amount in controversy for diversity jurisdiction. *See, e.g., Harmon v. Wal-Mart Stores, Inc.*, Civ. Act. No. 3:08-cv-309-MEF, 2009 U.S. Dist. LEXIS 21040, 2009 WL 707403 (M.D. Ala. Mar. 16, 2009); *Charleston v. Horsley*, Civ. Act. No. 2:12-cv-183-KD-C, 2012 U.S. Dist. LEXIS 121346, 2012 WL 3726760 (S.D. Ala. Aug. 8, 2012).

In *Harmon*, the defendant requested the following admissions from the plaintiff:

1. That you do not claim in excess of $ 75,000.00 as total damages in this case.
2. That you do not intend to claim over $ 75,000.00 as total damages in this case.
3. That you will not seek over $ 75,000.00 in total damages in this case.
4. That you waive any about of damages ever entered in this case in excess of $ 75,000.00.
5. That you will not accept any award of damages over $ 75,000.00 in this case.
6. That you agree that the above-stated limitations on your claim for damages will be binding on you, your heirs, representatives, and assigns with regard to all claims made or ever made in this lawsuit against Wal-Mart Stores East, L.P. or any of its employees.

*Harmon*, 2009 U.S. Dist. LEXIS 21040 at *2-3, 2009 WL 707403 at *2-3. The plaintiff denied each of the requests for admission. *Id.* The defendant removed the case based on the plaintiff's denials. The court held that the plaintiff's denials of the requests for admission were insufficient to support jurisdiction. Specifically, the court noted:

Defendant sought to prove the positive by eliciting a denial of the negative.

Defendant cannot create an end-run around the jurisdictional requirements by forcing a denial of a negative and then claim the positive is admitted and conclusively determined.

[. . .]

In the context of a request for admission . . . when a party admits to a fact in response to a request for admission, that fact is conclusively established for purposes of the litigation. Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."); *see U.S. v. 2204 Barbara Lane*, 960 F.2d 126, 129 (11th Cir. 1992). On the other [hand], the effect of a denial is not to admit the opposite of the proposition offered for admission, but rather is simply to establish that the matter is in dispute. Fed. R. Civ. P. 36 advisory committee notes, 1970 Amendment (describing the purpose of requests for admission as "to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial."). [. . .] Hence, Plaintiff's denial of the six questions propounded by Defendant serves not to establish that an amount in excess of $75,000 is in dispute, but rather that Plaintiff is not willing to concede the issue and that an amount in excess of $75,000 is in dispute is itself in dispute. Refusal to concede is not a statement of fact and cannot support jurisdiction.

*Id.* at 2009 U.S. Dist. LEXIS 21040, at *9-12 (certain internal citations omitted).

In *Charleston*, the Court summarized their finding using this quote: "The denials at issue here do not constitute 'other paper,' received from the plaintiff, that 'provide the clear and unambiguous statement requirement to establish subject matter jurisdiction over this action.'".

The undersigned recently found the same in that the denials did not constitute "other paper" which allowed for removal. *Heathcoe v. Patriot Timber Prod., Inc.,* Civ. Act. No. 1:22-CV-516-TFM-B, 2023 U.S. Dist. LEXIS 90293, 2023 WL 3606659 (S.D. Ala. May 23, 2023). In *Heathcoe,* the plaintiff brought claims of negligence, wantonness, Alabama extended manufacturer's liability, breach of warranties of merchantability and fitness for a particular purpose, loss of consortium, fraud, and intentional infliction of emotional distress. Defendants did not remove the case within the 30 days after service of the initial pleading as required in 28 U.S.C. § 1446(b)(1). Instead, defendants asserted that the case was not removable from the initial complaint but became removable when the plaintiff responded "deny" to a discovery request to stipulate that damages claimed are less than $75,000. This Court held that a denial of a request for admission is not sufficient to establish the amount in controversy requirement standing alone. *Id.* More imporantly,

although the action was clearly removable on the face of the complaint, the refusal to stipulate that damages were less than $75,000 were not "other papers" under 28 U.S.C § 1446(b)(3) which would allow the clock on removal to be reset. *Id*.

Here, Defendant removed on the face of the complaint, which the Court has already found was insufficient to establish the amount in controversy. In an attempt to bolster its removal, Defendant sought the stipulation that the amount would not exceed $75,000. Plaintiff did not even deny, but simply did not respond. Put simply, the undersigned finds that *neither* a refusal to answer nor an outright denial for a request for admission is sufficient on their own to establish that the amount in controversy is over $75,000.00.

Constellation further encourages the Court to consider the denial of the request for admission in tandem with the allegations contained in the complaint. Yet as previously discussed, matters that occur after removal cannot generally be used to establish or divest the court with jurisdiction.

On the face of the complaint the Defendants have not shown by preponderance of the evidence that the amount in controversy exceeds $75,000 to meet the jurisdictional requirement for diversity jurisdiction and subsequent actions such as the refusal to stipulate (or simply to respond) cannot be used to bolster a jurisdictional argument that is determined at the time of removal.. Put simply, it is Defendant's burden to establish at the time of removal and if they cannot do so, they cannot require Plaintiff to assist them in their efforts through either action or inaction.

## IV.   CONCLUSION

Accordingly, based on the foregoing analysis, Plaintiffs' Motion to Remand (Doc. 8) is **GRANTED** and this matter is **REMANDED** to the Circuit Court of Conecuh County, Alabama.

The Clerk of Court is **DIRECTED** to take the appropriate steps to effectuate the remand.

**DONE** and **ORDERED** this the 1st day of December, 2023.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE